## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ADRIANA BARTOLON-** | ) |
| **RODRIGUEZ, a.k.a. GERARDO** | ) |
| **BARTOLON-RAMIREZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:09-CV-1815-VEH** |
| | ) |
| **GREENSPRINGS CHEVRON,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

This case arises under the Fair Labor Standards Act ("FLSA" or the "Act").
(Doc. 1 at 1).  Pending before the court is Plaintiff's Motion for Entry of Default
Judgment  (Doc. 11) (the "Motion") filed on November 19, 2009.  For the reasons
discussed below, the Motion is due to be granted.

### II.   STANDARD ON DEFAULT JUDGMENT

"When a party against whom a judgment for affirmative relief is sought has
failed to plead or otherwise defend as provided by these rules and that fact is made
to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R.
Civ. P. 55(a).  However, entry of default under Rule 55(a) does not entitle a party to

his requested relief.  Either the clerk or the court must enter a default judgment under Rule 55(b).  Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the district judge.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[1]  The factual allegations of a well-pleaded complaint are taken as true; hence, the court must decide if these accepted facts state a cause of action for which relief can be granted. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same).  When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  On the other hand, if a specific sum is sought, a hearing may not be necessary.

As explained by Judge William H. Steele of the United States District Court for the Southern District of Alabama regarding default judgments:

> The law is clear, however, that Lacey's failure to appear and the

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

<u>Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment.</u> Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007)

(emphasis added).

## III.   PROCEDURAL HISTORY AND STATEMENT OF FACTS

On September 11, 2009, Plaintiff initiated this FLSA case against Defendant. (Doc. 1).  On October 30, 2009, the clerk entered a default against Defendant (Doc. 8) pursuant to Rule 55(a) of the Federal Rule of Civil Procedure due to its failure to answer or otherwise respond to Plaintiff's complaint (Doc. 1) after having been duly served with it on September 17, 2009.  (Doc. 5).

The complaint alleges that Defendant is "in the business of operating a gas station" in Birmingham, Alabama, that it "is an enterprise engaged in interstate

commerce for the purposes of the [FLSA,]" that it is considered to be an "employer within the meaning of the [FLSA,]" and that it is not subject to any exemptions under the Act. (Doc. 1 ¶¶ 8-11).

The pleading further states that Defendant employed Plaintiff "as a gas station attendant" "beginning on or around July of 2008" and ending "on or around July of 2009." (*Id.* ¶¶ 13, 12). The complaint maintains that Plaintiff "has not been paid for all the hours he has worked" while employed by Defendant and that Defendant "has willfully failed to comply with the minimum wage provisions of the [FLSA] . . . by failing to pay [Plaintiff] for the hours he has worked." (*Id.* ¶¶ 14-15).

The complaint contains one FLSA count for Plaintiff's unpaid wages. (Doc. 1 ¶¶ 16-18). This same count seeks to recover liquidated damages for Defendant's willfulness, attorneys' fees, and costs. (Doc. 1 at 4 ¶¶ A-B).

The Motion seeks the entry of a default judgment in the total amount of $10,526.22. The amount of the requested judgment is supported by the affidavit of Plaintiff (Doc. 11-2), the affidavit of Plaintiff's counsel (Doc. 11-3), and a damages calculation chart. (Doc. 11-3). The components of the requested judgment include $3,838.11 in unpaid wages, $3,838.11 in liquidated damages, $2,500.00 in attorney's fees, and $350.00 in court costs. (Doc. 11-2 ¶¶ 11-14; Doc. 11-3 ¶¶ 6).

The hourly rate sought by Plaintiff's counsel is $250.00. (Doc. 11-3 ¶ 8). The

reasonableness of that requested rate is supported by Plaintiff's counsel's affidavit (Doc. 11-3 ¶ 8) as well as an order regarding hourly rates awarded in a job discrimination case in 2003 by the former Chief Judge of this district. (Doc. 11-5 ¶ 3). The amount of hours expended and documented by Plaintiff's counsel in prosecuting this case is 10. (*Id.*).

On December 2, 2009, this court entered a show cause order on Plaintiff's Motion requiring Defendant to explain no later than December 21, 2009, why a default judgment should not be entered against it. (Doc. 12). To date, Defendant has failed to file a response to the show cause order.

## IV.   ANALYSIS[2]

### A.   Liability

Upon reviewing the complaint, the court concludes that there is a legal basis for awarding default relief against Defendant under the FLSA. The court first addresses whether the Act applies to Defendant.

Plaintiff avers that Defendant acted as an "employer" within the meaning of the FLSA. *See* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee."). Whether a

---

[2] The following analysis comes largely from this court's previous default judgment decision in *Deanda v. 2 Pesos Mexican Café, Inc.*, No. 2:08-CV-1362-VEH, (Doc. 9) (N.D. Ala. Nov. 5, 2008).

person is an "employer" under the FLSA is a question of law.  *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986).  Because the facts averred in the complaint (admitted as a result of Defendant's default) establish that the Defendant "operates" a gas station, the court finds that Defendant is an "employer" under the FLSA.  (Doc. 1 ¶ 7.)  Through his job as a gas station attendant, Plaintiff acted as an "employee" within the meaning of the FLSA.  *See* 29 U.S.C. § 203(e)(1).  Also, by operating a gas station, Defendant engaged in "commerce" within the meaning of 29 U.S.C. § 203(s)(1).  Therefore, as substantiated by the admitted allegations of the complaint, the FLSA applies to Defendant's employment of Plaintiff.  The court now turns to the sufficiency of the count alleged against Defendant under the FLSA.

According to count one, Defendant has willfully violated 29 U.S.C. § 206 by failing to compensate Plaintiff "for hours worked during a period of his employment at the minimum rate required by the [FLSA]."  (Doc. 1 ¶ 17).  Under § 206:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
> > **(1)** except as otherwise provided in this section, not less than--
> >
> > > **(A)** $5.85 an hour, beginning on the 60th day after May 25, 2007;

**(B)** $6.55 an hour, beginning 12 months after
that 60th day; and

**(C)** $7.25 an hour, beginning 24 months after
that 60th day;

29 U.S.C. § 206(a)(1)(A)-(C).

As more specifically explained in Plaintiff's affidavit, the rate of pay for
Plaintiff (based upon his bi-monthly salary which initially amounted to approximately
$129.23 per week and subsequently increased to $138.46 per week) was equal to
$4.17 from July 2008 through May 2009, and to $4.47 from May 2009 through July
2009.  (Doc. 11-2 ¶¶ 6-7).  Both of these hourly rates fall below the minimum
statutory levels established under § 206.  Therefore, the liability of Defendant is
established under count one of the complaint.

**B.     Relief**

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs'
allegations relating to the amount of damages are not admitted by virtue of default;
rather, the court must determine both the amount and character of damages." *Virgin
Records*, 510 F. Supp. 2d at 593(citing *Miller v. Paradise of Port Richey, Inc.*, 75 F.
Supp. 2d 1342, 1346 (M.D. Fla. 1999); *see also Anheuser Busch, Inc. v. Philpot*, 317
F.3d 1264, 1266 (11th Cir.2003) (finding that federal law requires judicial
determination of damages absent factual basis in record); *Credit Lyonnais Securities*

7

*(USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999) ("Even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty."); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga.1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment).

The court may make its determination as to the appropriate remedy with or without a hearing.  *See, e.g.*, Fed. R. Civ. P. 55(b)(2)(B) ("The court <u>may conduct hearings</u> or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages[.]" (emphasis added).  Addressing this issue in another case, Judge Steele again provides this court with a helpful framework, writing:

> [T]here is no requirement that a hearing be conducted in all default judgment proceedings to fix the appropriate level of damages.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (explaining that evidentiary hearing is not per se requirement for entry of default judgment, and may be omitted if all essential evidence is already of record). Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. *See, e.g., Chudasama*, 123 F.3d at 1364 n.27 (judicial determination of damages is unnecessary where claim is for sum certain or for sum which can by computation be made certain); *United Artists Corp. v. Freeman*,

605 F.2d 854, 857 (5th Cir.1979) (award of statutory damages was improper "without a hearing or a demonstration by detailed affidavits establishing the necessary facts"); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir.2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir.1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C.2001) (although court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp. 2d 234, 243 (D.P.R.2000) (similar).

*Atlantic Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024-1025 (S.D. Ala. 2007); *see also DLJ Mortg. Capital, Inc. v. Sunset Direct Lending, LLC*, No. 07-CV-1418-HB, 2008 WL 4489786, at *4 (S.D.N.Y. October 6, 2008) ("A court may determine the appropriate damages on the basis of affidavits and other documentary evidence, 'as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment.'") (quoting *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  In the current case, a hearing is not necessary, because Plaintiff has provided the court with sufficient affidavits and documentary evidence to support his requests for relief.

### 1.    Statutory Damages

#### a.    Unpaid Wages Calculation

In relevant part, 29 U.S.C. § 216(b) states:  "Any employer who violates the

provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  Given this standard, the court looks to the record provided by Plaintiff to determine the damages.

As stated previously, Plaintiff's claim for statutory damages must be supported by the record, since in a default judgment proceeding, "[d]amages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F. 2d 854, 857 (5th Cir. 1979)).

Pursuant to 29 U.S.C. § 216(b), Plaintiff is due to recover the amount between his actual wage and the minimum wages he should have received under the FLSA. According to his affidavit, the hourly rate of pay for Plaintiff (based upon the bi-monthly salary) was equal to $4.17 from July 2008 through May 2009, and to $4.47 from May 2009 through July 2009.  (Doc. 11-2 ¶¶ 6-7).  Plaintiff's sworn affidavit also indicates that he worked an average of 31 hours per week over the course of his employment and that his weekly salary approximated $129.33 initially and subsequently increased to $138.46.  (Doc. 11-2 ¶¶ 4-5).

Based upon the applicable FLSA statutory rates, Plaintiff would have been due to receive a minimum wage of $5.85 for his first three weeks of work and a minimum wage of $6.55 for the remaining 51 weeks.  Instead, Plaintiff was underpaid each week by $52.12 for the first 3 weeks of work; $73.82 for the next 42 weeks; and $64.59 for the remaining 9 weeks based upon a 31 hour work week.   Adding these 54 weeks of underpayment together (*i.e.*, (($52.12 x 3 = $156.36) + ($73.82 x 42 = $3,100.44) + ($64.59 x 9 = 581.31)) = $3,838.11), Plaintiff was due to receive an additional $3,838.11 in minimum wage compensation during his employment with Defendant.

### b.    Liquidated Damages

Additionally, under the FLSA, Plaintiff is entitled to have this amount doubled, since "[a]ny employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"  29 U.S.C. § 216(b).[3]

---

[3]  Ordinarily, Defendant would have the opportunity to mount a "good faith" defense under 29 U.S.C. § 260, which would allow the court to have discretion in awarding liquidated damages.  The employer bears the burden of establishing this defense.  *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991).  Having made no such effort, this court lacks such discretion, and, in any event, since the admitted facts establish that the violations were willful (*see* Doc. 1 ¶¶ 17-18), a finding of good faith would be inconsistent with willfulness.  *See, e.g.*,

Thus, Plaintiff is due a sum of $7,676.22 (*i.e.*, $3,838.11 x 2) as his total statutory damages due under the FLSA.

>    **2.    Attorney's Fees**

Plaintiff's counsel seeks $2,500.00 in attorney's fees.  The FLSA authorizes an award of attorney's fees under 29 U.S.C. § 216(b), which states, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Soloman & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees to the prevailing plaintiff in FLSA cases.").

An award of attorney's fees award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  "This 'lodestar' may then be adjusted for the results obtained." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.

---

*Alvarez Prez v. Sanford-Orland Kennel Club, Inc*., 515 F.3d 1150, 1164 (11th Cir. 2008) (holding that a willfulness finding by a jury "precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question.").

1994) (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir.1988) (other citation omitted)).  "Although a district court has wide discretion in performing these calculations, '[t]he court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" *Loranger*, 10 F.3d at 781(quoting *Norman*, 836 F.2d at 1304) (internal citation omitted).  The Eleventh Circuit has applied this method in the FLSA context, incorporating the factors used in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).  *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543-1544 (11th Cir. 1985); *Jones v. Central Soya Co., Inc.*, 748 F.2d 586, 591 (11th Cir. 1984) (applying lodestar method under § 216 in an ADEA case), *disapproved on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 727 (1987).  Accordingly, the court will analyze the application for attorney's fees using the lodestar method.

### a.    Reasonable Hourly Rate

To determine a reasonable hourly rate, the court looks to the attorney's skill, experience, and reputation.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.

13

1994).[4]  Also, the "party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).  Typically, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). However, the court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award.  *See Loranger*, 10 F.3d at 781 ("A court, however, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *see also Swisher v. The Finishing Line, Inc.*, No. 6:07-CV-1542-Orl-28UAM, 2008

---

[4]  In determining this amount, the court may consider the twelve *Johnson* factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1305, n. 8 (S.D. Fla. 2008) (citing *Schafler v. Fairway Park*, 147 Fed. Appx. 113 (11th Cir. 2005); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

WL 4330318, at *6 (M.D. Fla. Sep. 22, 2008) (citing *Loranger* and *Norman* when the movant for attorney's fees in an FLSA case did not provide enough information for the court to establish whether the rate was reasonable and on its own initiative, comparing requested rate to rates awarded in other similar cases in the jurisdiction, including those in which the attorney had participated).

Here, Plaintiff's counsel has only provided the court with his affidavit and an order in a non-FLSA case (unrelated to him) to establish that his requested fee is reasonable. (Doc. 11-3 ¶ 8; Doc. 11-5). The affidavit from Plaintiff's counsel lists each task completed in litigating this case and assigns a rate of $250.00 per hour. (Doc. 11-3 ¶ 8).

Plaintiff counsel asserts that he typically asks for a $250.00 rate, but fails to list any of those cases.[5] Plaintiff counsel also fails to explain why the attorney fee order entered in the non-FLSA case in which he did not even serve as counsel is indicative that the rate he seeks in this default judgment action is reasonable.

---

[5] The court's own independent research shows that Plaintiff's counsel has another almost identical FLSA claim in a case currently pending before this court. *See Morales v. China Chef II*, No. 4:08-CV-1619-VEH. In that litigation, Plaintiff's counsel seeks an attorney fee award at the hourly rate of $250.00. *Id.* (Doc. 31-5) (N.D. Ala. Dec. 10, 2009). This is an increase from the original rate sought of $225.00 in 2008. *Id.* (Doc. 5-2 ¶ 11) (N.D. Ala. Oct. 23, 2008). In an older comparable FLSA case, this court awarded attorney's fees to Plaintiff's counsel at the rate of $200.00 per hour. *See Deanda*, (Doc. 9 at 16) (N.D. Ala. Nov. 5, 2008).

While the evidence submitted by Plaintiff fails to meet the burden of establishing the reasonableness of the fees, the court's own research has established that the requested rate is indeed a reasonable one.  Recent cases from district courts within the Eleventh Circuit have concluded that an hourly rate of $250.00 is reasonable when faced with similar circumstances.  *See*, *e.g.*, *Heaps v. Parker Oil Co.*, No. 5:06-CV-4637-CLS, (Doc. 87 at 3) (N.D. Ala. Sept. 25, 2008) (finding that $250.00 rate was reasonable as to work performed in an uncontested FLSA proceeding (in lieu of $300.00 rate requested)); *see also Swisher*, 2008 WL 4330318, at *6 (finding that a rate of $250.00 per hour was reasonable in the Orlando market in a similar FLSA case).  Additionally, this case presents fairly routine issues arising under the FLSA with a single plaintiff, and Plaintiff's counsel has substantial experience in litigating FLSA cases.  *See, e.g.*, *Deanda*, No. 2:08-CV-1362-VEH; *Morales*, No. 4:08-CV-1619-VEH; *Rivera v. Demetris Bar B Que, Inc.*, No. 2:08-CV-00483-JHH; *Arrellano v. Bento Japanese Restaurant II, et al*, No. 2:07-CV-0119-WMA; *Garcia v. Fulton, et al*, No. 2:07-CV–1466-IPJ; *Manriquez v. Lone Star Steakhouse and Saloon, Inc.*, No. 2:07-CV-01120-WMA; *Turcio v. Express Maids*, No. 2:07-CV-02156-IPJ.  Thus, considering that the rate is in line with those awarded in other prior FLSA cases, the relative complexity of the matter, and the experience of the attorney, the court finds that the requested hourly rate of $250.00 is a

16

reasonable one.

### b.   Reasonable Number of Hours

Plaintiff's counsel avers that he worked 10 hours in the course of pursuing the FLSA minimum wage claim in this lawsuit. (Doc. 11-3 ¶ 8). The court finds that this figure represents a reasonable expenditure of time for such a matter, given that during this time Plaintiff's counsel opened the file, drafted and filed the complaint, communicated with Defendant about default, filed for default, gathered evidence proving damages, prepared supporting affidavits, and closed the file.

Accordingly, the total number of reasonable hours spent by counsel on this case is 10 hours. Multiplied by the reasonable hourly rate of $250.00 per hour, the total amount of attorney's fees is $2,500.00.

### 3.   Costs

Finally, the court turns to Plaintiff's request for costs. Plaintiff seeks costs totaling $350.00. (Doc. 11-3 ¶ 8). These costs constitute the filing fee charged by the court. (Doc. 1 (noting filing fee of $350.00 in CM/ECF docket entry)). The court finds that Plaintiff is due to be awarded these reasonable costs.

## V.   CONCLUSION

In sum, Plaintiff's damages calculations are supported by sufficient proof and appear to be fair and accurate under the circumstances. Relatedly, Plaintiff's request

17

for attorney's fees and costs is reasonable.  Accordingly, Plaintiff is entitled to:

1.      An award of $3,838.11 in unpaid minimum wages;

2.      An award of $3,838.11 in liquidated damages;

3.      An award of $2,500.00 in attorney's fees; and

4.      An award of $350.00 in court costs.

Therefore, Plaintiff's Motion seeking a final default judgment in the total amount of $10,526.22 is due to be granted under the FLSA.  A separate order of final default judgment will be entered.

**DONE** and **ORDERED** this the 11th day of January, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

18